# WASHINGTON COUNTY.

PETITION OF JAMES W. MILLARD for leave to take the Poor Tort Debtor's Oath.

In a petition by a poor tort debtor under Pub. Laws R. I. cap. 544, of April 20, 1876, it is sufficient to set forth the facts prescribed by the act.

In the concluding sentence of § 1 of said chapter the words "upon execution" are general in their application, and are not confined to an execution from a Justice Court.

In the same sentence the word "costs" means only the costs specified in the execution, and does not include the prisoner's board in jail.

*South Kingstown, December* 18, 1880. POTTER, J. This is an application to take the poor tort debtor's oath by Millard, who was in jail on execution upon a judgment in favor of William F. Wallace in an action of the case for trover and conversion. The execution was for $15.24 damages and $24.26 costs, in all $39.50. Millard was committed July 23, 1880, and his petition was dated and his citation served October 25.

At the hearing the committing creditor, by his attorneys Peabody & Crafts, made several objections to the discharge of the petitioner under Pub. Laws R. I. cap. 544, of April 20, 1876. These objections were submitted by POTTER, J., to the other judges, and after consultation the court now gives its decision.

The objections are:

1. That the citation does not state that the cause of action or the commencement of suit was subsequent to the passage of said act, and that this was necessary in order that it might appear by the petition itself that the justice has jurisdiction. We do not think this is necessary. The act itself provides what shall be stated in the petition.

2. That the words "upon execution," near the end of section 1 of the act, ought from their connection with the previous words to be construed to refer to Justice Courts only. We do not think so. They were intended to regulate the time and amount, and this without regard to the court from which the execution might issue.

3. That the costs should include the board of the petitioner up to at least the time of service of the citation. For certain purposes, Gen. Stat. R. I. cap. 216, § 6, the board of the prisoner in jail does make a part of the costs of commitment and detention, so that the plaintiff may recover it in any existing or future proceedings for the recovery of the debt and costs. In the present case the words "or upon execution, wherein the debt or damages and costs shall not exceed," literally exclude all costs except those specified in the execution itself, and this we think is the reasonable construction, as otherwise the amount of costs would be constantly varying.         *Petition granted and oath administered.*

*Nathan F. Dixon,* for petitioner.

*Peabody & Crafts, contra.*